**Jonathan HAKALA, Plaintiff–Appellant,**

v.

**J.P. MORGAN SECURITIES, INC., Defendant–Appellee.**

**No. 05–3140.**

United States Court of Appeals, Second Circuit.

June 21, 2006.

Jonathan Hakala, pro se, Hoboken, New Jersey, for Appellant.

Robert S. Whitman, Orrick, Herrington & Sutcliffe, (Todd Gutfleisch, JP Morgan Chase Legal Department, on the brief), New York, New York, for Appellee.

PRESENT: Honorable RALPH K. WINTER, Honorable REENA RAGGI, Circuit Judges, Honorable KENNETH M.

KARAS, District Judge.[1]

## SUMMARY ORDER

Plaintiff–Appellant Jonathan Hakala petitioned the district court to confirm in part and vacate in part an arbitration award. The district court granted Hakala's petition insofar as it sought to confirm the award, but dismissed so much of the petition that sought to vacate or modify the award, concluding that the petition to vacate was untimely under New York Civil Practice Law and Rules (C.P.L.R.) § 7511(a). Hakala appeals the district court's dismissal of his petition to vacate. On appeal, Hakala contends, *inter alia,* that (1) the timeliness of his petition is governed by the three-month limitations period set forth in the Federal Arbitration Act ("FAA"), *see* 9 U.S.C. § 12, rather than the ninety-day statute of limitations in C.P.L.R. § 7511(a), and that, under the FAA, his petition was timely; and (2) even if New York's ninety-day statute of limitations applies, the district court nevertheless erred in concluding that his petition was untimely. On appeal of a district court's decision to vacate or confirm an arbitration award, we review the district court's findings of fact for clear error and its conclusions of law *de novo. See 187 Concourse Assocs. v. Fishman,* 399 F.3d 524, 526 (2d Cir.2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

■ Section 12 of the FAA provides that, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. As the district judge correctly recognized, by its plain language, § 12 applies only to notice, *i.e.,* service, it does not apply to filing. *See American Postal Workers Union, AFL–CIO v. United States Postal Serv.,* 823 F.2d 466, 470 (11th Cir.1987) (noting that 9 U.S.C. § 12 "plainly requires *service,* rather than mere filing, within 3 months of the arbitration award" (emphasis in original)). To that extent, the ninety-day limitations period in C.P.L.R. § 7511 governs the timeliness of Hakala's petition. *See generally Hakala v. Deutsche Bank AG,* 343 F.3d 111 (2d Cir.2003) (applying C.P.L.R. § 7511(a) to timeliness issue).

■ Pursuant to C.P.L.R. § 7511(a), "[a]n application to vacate or modify an [arbitration] award may be made by a party within ninety days after its delivery to him." Here, Hakala received the arbitration award on December 24, 2003. Although he mailed his petition to the *Pro Se* Clerk's Office on March 23, 2004, it was not received by the clerk's office, and thus not filed, *see Greenwood v. State of New York, Office of Mental Health,* 842 F.2d 636, 639 (2d Cir.1988), until March 24, 2004, ninety-one days after he received the panel's award.

■ Notwithstanding the fact that his petition was filed one day after the statute of limitations expired, Hakala contends that the district court erred in dismissing his petition as untimely because, *inter alia,* factual issues remain as to whether his petition "should have been deemed filed on March 23, 2004." Specifically, Hakala contends that an unnamed employee in the *Pro Se* Clerk's office incorrectly advised him that he was required to serve his petition before it could be accepted for filing. Hakala argues that, but for the

---

1. The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

employee's erroneous advice, he would have filed the petition on March 23, 2004, the last day of the limitations period. Hakala's argument is without merit.

The district court held an evidentiary hearing on the issue of timeliness. After the hearing, at which Hakala testified, the district court found that Hakala failed "to sustain his burden of establishing that the Pro Se Office refused to accept the complaint for filing on March 23, 2004 because it had not yet been served" and that there was "no credible evidence that it misled [him] in any way." March 18, 2005 Order at 2. Hakala offers no reason to disturb the district court's finding, and upon our independent review of the record, we cannot conclude that the district court clearly erred in finding that Hakala's failure timely to file his petition was not the result of misinformation from the *Pro Se* office.

■ Equally unavailing is Hakala's argument that the filing deadline should be tolled under the doctrine of "unique circumstances." Pursuant to that doctrine, filing deadlines may be excused where "a party has performed an act which, if properly done, would postpone the deadline for filing . . . and has received specific assurance by a judicial officer that this act has been properly done." *Mendes Junior Int'l Co. v. Banco do Brasil, S.A.*, 215 F.3d 306, 315 (2d Cir.2000) (recognizing that filing deadlines for federal appeals may be relaxed in "unique circumstances"); *cf. Thompson v. INS*, 375 U.S. 384, 386–87, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (excusing an untimely notice of appeal because appellant had postponed filing in reliance on district court's specific assurance that he had properly presented motion to that court that would toll appellate filing deadline). Assuming the continued validity of the "unique circumstances" doctrine, *see United States v. Canova*, 412 F.3d 331, 346 n. 17 (2d Cir.2005) (noting that our sister circuits have questioned continued vitality of "unique circumstances" doctrine), it is not applicable in this case. As discussed *supra*, the district court explicitly rejected Hakala's contention that the *Pro Se* Office misled him about the filing of his petition, and we have no reason to disturb the court's finding.

We have considered Hakala's remaining arguments, including his contention that February 29, 2004 should not be counted towards the ninety-day limitations period and that the time period should be equitably tolled, and largely for the reasons articulated by the Magistrate Judge and the district court, we conclude that none has merit. We further note that, while it is true, as Hakala contends, that we apply more lenient standards to *pro se* litigants, *see Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996), such leniency does not extend to excusing Hakala's failure timely to file his petition in this case.

Finally, Hakala raises a number of arguments with respect to the merits of his petition to vacate. Because, like the district court, we conclude that Hakala's petition to vacate was untimely, we need not address these arguments.

The judgment of the district court, entered on March 23, 2005, is hereby AFFIRMED.