16-456-cv
Martin v. Deutsche Bank Sec., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand seventeen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

----------------------------------------------------------------------

SEAN RIERSON MARTIN,
                    *Plaintiff-Appellant*,

                    v.                                          No. 16-456-cv

DEUTSCHE BANK SECURITIES INCORPORATED,
                    *Defendant-Appellee*.

----------------------------------------------------------------------

APPEARING FOR APPELLANT:     PEARL ZUCHLEWSKI, Kraus & Zuchlewski LLP, New York, New York.

APPEARING FOR APPELLEE:      SCOTT RABE (Clifford H. Fonstein, *on the brief*), Seyfarth Shaw LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Louis L. Stanton, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 27, 2016, is AFFIRMED.

Plaintiff Sean Rierson Martin petitioned the district court to vacate an arbitration award denying retaliation claims that he asserted against his former employer, Deutsche Bank Securities, Inc. ("Deutsche Bank"). The district court granted Deutsche Bank's motion to dismiss the petition on the ground that Martin failed properly to serve notice of the motion to vacate within three months of the date on which the award was filed or delivered, as required by the Federal Arbitration Act ("FAA"), *see* 9 U.S.C. § 12. Martin appeals from the dismissal, arguing that he timely effected service by attaching a copy of the petition to an e-mail to Deutsche Bank's attorneys within the three-month period, *see* Fed. R. Civ. P. 5(b)(2)(E). Deutsche Bank argues that (1) Martin is precluded from making this argument because he argued to the district court only that formal service was not required; and (2) in any event, Deutsche Bank's counsel did not consent to service by e-mail, as Fed. R. Civ. P. 5(b)(2)(E) requires. "In reviewing a district court's decision refusing to vacate or confirming an arbitration award, we examine legal conclusions *de novo* and findings of fact for clear error." *Bermuda Container Line Ltd. v. Int'l Longshoremen's Ass'n, AFL-CIO*, 192 F.3d 250, 255 (2d Cir. 1999). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

1.     Forfeiture[1]

Deutsche Bank argues that Martin forfeited his claim of timely e-mail service under Fed. R. Civ. P. 5(b)(2)(E) because Martin contended below that the FAA required only that an opposing party be given notice of the petition to vacate, not formal service.  *See, e.g.*, *Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 615 (2d Cir. 2016) (reiterating well established rule that appellate court will not consider argument raised for first time on appeal).  We are not persuaded.  Martin's argument in the district court was that formal service was unnecessary precisely *because* he had e-mailed a copy of the petition to Deutsche Bank on November 25.  While Martin did not cite Rule 5 below, Deutsche Bank's reply brief—and later, the district court's decision—construed Martin's argument as falling under Rule 5.  We need not pursue the forfeiture challenge further, however, because Martin's appeal, in any event, fails on the merits.

2.     Timeliness of Service

Under the FAA, "[n]otice of a motion to vacate . . . an [arbitral] award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.[2]  The statute affords "[n]o exception" to this service period;

---

[1] While Deutsche Bank characterizes Martin's argument as "waived," Appellee's Br. 9, "[w]here a litigant's action or inaction is deemed to incur the consequence of loss of a right . . . the term forfeiture rather than waiver is more appropriate," *Patterson v. Balsamico*, 440 F.3d 104, 112 (2d Cir. 2006) (alterations and internal quotation marks omitted).

[2] "Section 12 . . . applies only to notice, *i.e.*, service, it does not apply to [the time for] filing."  *Hakala v. J.P. Morgan Sec., Inc.*, 186 F. App'x 131, 132 (2d Cir. 2006) (summary order).  Additionally, the FAA provides separate rules governing the timeliness of motions to *confirm* arbitration awards.  *See* 9 U.S.C. § 9.

3

thus, a "party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run." *Florasynth Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984); *see id.* (observing further that because action to enforce arbitration award is "a creature of statute . . . unknown in the common law," there is also "no common law exception" to service period for motion to vacate arbitration award). Where, as here, the adverse party is a "resident of the district within which the award was made," service must be made "as prescribed by law for service of notice of motion in an action in the same court," 9 U.S.C. § 12, *i.e.*, as provided by Fed. R. Civ. P. 5.

Martin argues that he effected proper service under Rule 5 by including a copy of his petition in a November 25 e-mail to one of Deutsche Bank's attorneys inquiring whether the attorney would accept service on Deutsche Bank's behalf. Rule 5(b)(2)(E), however, authorizes electronic service only where an adversary "consent[s] in writing." Martin argues that such consent can be implied here from the parties' "pattern and practice of communicating by e-mail in the underlying arbitration," Appellant's Br. 4, and from counsel's e-mail response on November 30. The argument fails because the plain language of Rule 5 requires the recipient of electronic service to have "consented in writing," which was not done here. Further, the advisory committee notes to the Rule explain that the requisite consent "must be express, and cannot be implied from conduct." Fed. R. Civ. P. 5 advisory committee's note to 2001 amendment.

No different conclusion is warranted by the fact that in the November 30 e-mail, Deutsche Bank's attorney agreed to accept service, effective November 30, if Martin "agree[d] to give Deutsche Bank 90 days from today to respond to the petition." App'x

4

The agreement was conditional and Martin did not accept that offer, choosing instead to effect personal service on Deutsche Bank outside the statutory period. While Martin contends that conditioning consent to e-mail service on an extension of time to respond to the petition was somehow "impermissibl[e]," Appellant's Reply Br. 1, he cites no support for that assertion, much less for the conclusion that such a conditional response constitutes an express consent to electronic service. Accordingly, we conclude that the district court correctly ordered dismissal for failure to serve notice as required by 9 U.S.C. § 12 and Fed. R. Civ. P. 5.

3.     Conclusion

We have considered all of Martin's other arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court