[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-11045

————————————————

D.C. Docket No. 1:19-cv-01640-SCJ

O'NEAL CONSTRUCTORS, LLC,

Plaintiff-Appellee,

versus

DRT AMERICA, LLC,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(April 1, 2021)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and ED CARNES, Circuit Judges.

ED CARNES, Circuit Judge:

This is an arbitration case presenting the question of whether the required service of a "notice of a motion to vacate" under 9 U.S.C. § 12 is accomplished by emailing to opposing counsel a "courtesy copy" of a memorandum in support of that motion. The answer is "no" where, as here, the party to be served did not expressly consent in writing to service by email.

I.

The underlying facts are fairly straightforward. O'Neal Constructors, LLC and DRT America, LLC entered a contract. The contract included an arbitration agreement. Thereafter, O'Neal entered a subcontract with Excel Contractors, Inc. The two of them had a dispute, Excel demanded arbitration with O'Neal, and DRT participated in the arbitration as a third-party respondent.

The arbitration agreement stated in relevant part that "any Claim subject to, but not resolved by, mediation shall be subject to arbitration which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules in effect on the date of the Agreement." (We'll call them the AAA Construction Rules.)

The arbitration panel issued a final award on January 7, 2019. Under the award DRT had to pay $1,415,193.11, an amount consisting of two parts. One part, $765,102.62, was for the underlying dispute. The other part of the award,

2

$650,090.49, was for O'Neal's attorney's fees, which the arbitration panel determined DRT had to pay O'Neal both because it was provided in the contract and because DRT had benefited from "the considerable efforts of O'Neal and its experts and counsel" in opposing Excel's claims.

DRT paid the $765,102.62 underlying dispute amount, but it refused to pay the $650,090.49 for attorney's fees.

Because of DRT's refusal to pay the attorney's fees part of the arbitration award, O'Neal filed a complaint in Georgia state court seeking confirmation of the award. That case was filed on April 4, 2019, and it was removed to the Northern District of Georgia on April 11.

On April 5, 2019, in a separate case, DRT filed in the Northern District of Georgia a motion to vacate the part of the arbitration award for the $650,090.49 in attorney's fees. That night DRT's counsel emailed to O'Neal's counsel what he called a "courtesy copy" of DRT's signed and dated 20-page memorandum in support of the motion to vacate. O'Neal's counsel replied to that email the next morning, sending DRT's counsel the complaint that O'Neal had filed in state court, and stating: "Guess we need to figure out which court can hear these issues the quickest." A few weeks later, on April 30, 2019, DRT used the United States Marshals Service to serve O'Neal at its corporate headquarters with DRT's federal court motion to vacate the attorney's fees part of the arbitration award.

3

The two cases were consolidated in the Northern District of Georgia, and the district court eventually denied the motion to vacate and confirmed the arbitration award. It reasoned that O'Neal had not been timely served with notice of the motion to vacate the award because O'Neal had not consented to service by email and, even if it had, the email was insufficient because, despite including a copy of the memorandum in support of the motion, the email did not include a copy of the motion itself. Because of the failure to timely serve notice, as required by 9 U.S.C. § 12, the court ruled the arbitration award had to be confirmed.

## II.

"The Federal Arbitration Act ('FAA') imposes strict procedural requirements on parties seeking to vacate arbitration awards." Johnson v. Directory Assistants Inc., 797 F.3d 1294, 1299 (11th Cir. 2015). One of those strict requirements is contained in § 12 of the Act, which provides in relevant part:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court.

9 U.S.C. § 12.

That notice requirement and time limit are important. So important that when a party fails "to move to vacate an arbitral award within the three-month limitations period" it is barred "from raising the alleged invalidity of the award as a

defense in opposition to a motion . . . to confirm the award." Cullen v. Paine,

Webber, Jackson & Curtis, Inc., 863 F.2d 851, 854 (11th Cir. 1989). Neither party

disputes that this bar also applies to the failure to provide the statutorily required

notice of a motion to vacate. See, e.g., Corey v. N.Y. Stock Exch., 691 F.2d 1205,

1212 (6th Cir. 1982) (citing Piccolo v. Dain, Kalman & Quail, Inc., 641 F.2d 598,

601 (8th Cir. 1981)).

The three-month time limit gave DRT until April 8, 2019 to serve O'Neal

with the statutorily required notice of its motion to vacate. Its only hope of having

satisfied that deadline is its April 5 email, which it contends was enough. If DRT's

April 5 email was not valid service of notice of a motion to vacate, the arbitration

award must be confirmed.

The law that determines whether the April 5 email was service enough is the

Federal Rules of Civil Procedure. The parties do not dispute that O'Neal is a

resident of the Northern District of Georgia, which is where the arbitration award

was made. That matters because the FAA requires that "[i]f the adverse party is a

resident of the district within which the award was made, such service shall be

made upon the adverse party or his attorney as prescribed by law for service of

notice of motion in an action in the same court." 9 U.S.C. § 12; see also Bonar v.

Dean Witter Reynolds, Inc., 835 F.2d 1378, 1382 (11th Cir. 1988) (holding that the

Rules apply to procedural questions in the arbitration context "to the extent that

5

matters of procedure are not provided for in the [FAA]"); Fed. R. Civ. P. 81(a)(6)(B) (providing that the Rules govern arbitration proceedings except as far as arbitration laws provide otherwise).

The relevant Federal Rule of Civil Procedure is Rule 5, which addresses service of pleadings and other papers. Rule 5(b)(2)(E) allows service "by other electronic means that the person consented to in writing." An advisory committee note to that rule states that the written consent "must be express, and [it] cannot be implied from conduct." Fed. R. Civ. P. 5(b)(2)(E), Advisory Committee Note to 2001 Amendment; see Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) ("Although not binding, the interpretations in the Advisory Committee Notes are nearly universally accorded great weight in interpreting federal rules.") (quotation marks omitted). We think that note is right. Under Rule 5 service by email, which is an "other electronic means" permitted by the rule, was appropriate if, but only if, O'Neal expressly consented in writing to be served by email.

The parties agree about all of that, making their disagreement come down to this question: Did O'Neal expressly consent in writing? The only potential source of written consent that DRT can point to is the arbitration agreement, which stated that the arbitration "shall be administered by the American Arbitration Association in accordance with" the AAA Construction Rules. According to DRT, Rule 44 of

6

those rules allows for email service of notice of a motion to vacate.  Even if we assume that the arbitration agreement can and does make the AAA Construction Rules applicable to post-arbitration proceedings like a motion to vacate, DRT has an insurmountable problem: The plain language of Rule 44 does not allow for email service of the notice.

> That rule, which is titled "Serving of Notice," provides:
>
> (a) Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules; for any court action in connection therewith; or for the entry of judgment on any award made under these[] rules may be served on a party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard thereto has been granted to the party.
>
> (b) The AAA, the arbitrator and the parties may also use overnight delivery, electronic fax transmission (fax), or electronic mail (email) to give the notices required by these rules.  Where all parties and the arbitrator agree, notices may be transmitted by other methods of communication.

AAA Construction Rule 44.

Subsection (a) of the Rule provides for service by mail or personal service for the paper, notices, or process it covers.  It does not provide for service by email.  Subsection (b) does provide for service by email, but only for service of "the notices required by these rules," meaning the AAA Construction Rules.  Notice of a motion requesting a court to vacate an arbitration award is nowhere required or provided for in the AAA Construction Rules.

DRT argues to the contrary.  It says that notice of a motion to vacate that is being filed in court fits with Rule 44(a)'s language because it is "notice[] . . . necessary or proper for the initiation or continuation of an arbitration under these rules; [or] for any court action in connection therewith."  Even assuming that language fits a motion to vacate, it gets DRT nowhere because subsection (a) does not provide for service by email.  And subsection (b) gets DRT nowhere either because it is limited to "the notices required by these rules," and notice of the filing of a motion to vacate is not required by the AAA Construction Rules.  It is, instead, required by § 12 of the Federal Arbitration Act.

Rule 44's allowance of email service, then, by its plain terms does not reach FAA § 12 notices of a motion to vacate.  As we have discussed, Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure does provide for service by email, but only with express written consent, of which there is none in this case.  The district court was correct to hold that DRT did not serve in a proper and timely way notice of its motion to vacate and, as a result, that motion was due to be denied and the arbitration award confirmed.

## III.

A few loose ends.  DRT attempted to include in its notice of appeal, and addressed in its opening brief, a part of the district court's order and judgment requiring it to pay attorney's fees and expenses to O'Neal arising out of this

8

litigation, with the amount to be determined later.  Before oral argument, we sent the parties a notice (admittedly by email) explaining why we had serious doubts about the existence of appellate jurisdiction over that part of the order and judgment.  DRT agreed, O'Neal didn't disagree, and we are convinced that appellate jurisdiction does not exist over that particular part of the order and judgment.  We dismiss that part of the appeal.

We deny O'Neal's motion for attorney's fees incurred in this appeal.  And we deny DRT's motion to take judicial notice of certain documents from other cases that we don't think are helpful.

The district court's order and judgment are AFFIRMED insofar as they confirm the arbitration award and deny the motion to vacate.  The appeal from the part of the court's order and judgment awarding post-arbitration attorney's fees is DISMISSED for lack of jurisdiction.