# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 20-7086**

**September Term, 2021**

FILED ON: OCTOBER 22, 2021

LISA BALLANTINE, ET AL.,
                    APPELLANT

v.

DOMINICAN REPUBLIC,
                    APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-03598)

Before: KATSAS and RAO, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED.**

This is a dispute over the proper service of a foreign state in a proceeding governed by the Federal Arbitration Act. Lisa and Michael Ballantine sought to arbitrate a real estate development dispute with the Dominican Republic before the Permanent Court of Arbitration in Washington, D.C. That court determined that it had no jurisdiction over the case, since the Ballantines were predominantly Dominican citizens. The Ballantines then sought to vacate this arbitral award in federal district court. The district court denied the Ballantines' petition to vacate because although the Ballantines attempted to serve the Dominican Republic in several ways, none of those methods were consistent with the statute governing service of a foreign state. We affirm.

**I**

We start with the governing law.  The Federal Arbitration Act states that a notice of a motion to vacate "must be served" upon an adverse party "within three months after the award is filed or delivered."  9 U.S.C. § 12.  When the adverse party resides outside the district where the award was made, service shall be made "in like manner as other process of the court."  Where the party to be served is a foreign state, the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608, "sets forth the exclusive procedures for service."  *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994) (citation omitted).

The key provision of 28 U.S.C § 1608 reads:

(a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

. . .

(3) . . . by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned. [1]

The arbitral award that Appellants seek to have vacated was delivered on September 3, 2019 by the Permanent Court of Arbitration in Washington, D.C.  Appellants filed a Motion to Vacate on December 3, 2019—the last day of the three-month deadline—and attempted to serve the Dominican Republic by (1) mailing and hand delivering the Motion to the Dominican Republic's arbitration counsel, (2) emailing the Motion to the Minister of Industry and Commerce, and (3) engaging a Dominican bailiff to serve the Motion on the Ministry of Industry and Commerce in the Dominican Republic.  None of these attempts conformed to 28 U.S.C. § 1608(a)(3).  It was only on January 8, 2020 (more than a month after the three-month deadline had passed) that Appellants requested the clerk of the court to mail the papers pursuant to 28 U.S.C. § 1608(a)(3).  Proper service was effectuated on January 24, 2020.

Appellants' reading of 9 U.S.C. § 12 that "must be served" actually means only "filed" is

---

[1] Since the parties have stipulated that the methods set out in § 1608(a)(1) and (a)(2) are not available, we do not discuss them here.

almost frivolous. There is no indication that "must be served" should be read inconsistently with its ordinary meaning. Appellants cite no real authority for that proposition. Indeed, we have affirmed a district court's dismissal of a motion to vacate where the moving party filed the motion before the three-month deadline but served it six days late. *Argentine Republic v. Nat'l Grid PLC*, 637 F.3d 365, 367–69 (D.C. Cir. 2011) (per curiam). Other circuits interpreting 9 U.S.C. § 12 agree that "must be served" does not mean "filed." *See, e.g.*, *Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 571–72 (7th Cir. 2007); *Hakala v. J.P. Morgan Sec., Inc.*, 186 F. App'x 131, 133 (2d Cir. 2006).

Moreover, Appellants' policy arguments are inappropriate and misplaced. They waste ink complaining that the three-month deadline set by 9 U.S.C. § 12 is outdated and too short. Such complaints are not properly directed at the judicial branch. Nor, in any event, are those arguments valid; once Appellants initiated the correct procedure, it took only 16 days to serve the Dominican Republic. Appellants' hypothetical that foreign states may run out the clock by refusing to accept service ignores 28 U.S.C. § 1608(a)(4), which allows a party to use diplomatic channels to effectuate service should 28 U.S.C. § 1608(a)(3) fail.[2] Then, by virtue of 28 U.S.C. § 1608(c), service is deemed completed once the United States Secretary of State transmits the papers—regardless of whether the foreign state accepts service.

## II

Appellants argue in the alternative that they are entitled to equitable tolling. It is unclear whether equitable tolling is available in the context of 9 U.S.C. § 12's statutory deadline. *Compare Move, Inc. v. Citigroup Glob. Mkts., Inc.*, 840 F.3d 1152 (9th Cir. 2016), *with Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984); *see also National Grid PLC*, 637 F.3d at 367–69 (holding that the 9 U.S.C. § 12 statutory deadline cannot be extended by virtue of Federal Rule of Civil Procedure Rule 6(b)).

Still, even if equitable tolling were available, Appellants would not qualify. To be entitled to equitable tolling, a party must show that it has pursued its rights diligently and that it was barred by some extraordinary circumstance "beyond [the litigant's] control." *Young v. Sec. & Exch. Comm'n*, 956 F.3d 650, 655 (D.C. Cir. 2020) (internal citations omitted). Appellants did not diligently pursue their rights, as they did not initiate the proper service process until the

---

[2] Section 1608(a)(4) states, in relevant part: "if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state . . . to be addressed and dispatched by the clerk of the court to the Secretary of State . . . and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state . . . ."

three-month deadline had already passed. Nor did Appellants demonstrate how this delay was caused by circumstances out of their control.

For these reasons, we affirm.

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

## **Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk