20-2978-cv
*Dalla-Longa v. Magnetar Capital LLC*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2021

(Argued:    December 2, 2021    Decided:    May 12, 2022)

Docket No. 20-2978-cv

DAMIAN DALLA-LONGA,

*Petitioner-Appellant,*

*v.*

MAGNETAR CAPITAL LLC,

*Respondent-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Before:

CALABRESI, CHIN, and NARDINI, *Circuit Judges.*

Appeal from an order of the United States District Court for the

Southern District of New York (Schofield, *J.*) dismissing a petition to vacate an

arbitration award on the basis that petitioner-appellant failed to properly and timely serve notice of the motion to vacate within three months of the date the arbitration award was filed or delivered, as required by the Federal Arbitration Act, 9 U.S.C. § 12. On the last day of the three-month period, petitioner-appellant emailed the petition to counsel for respondent-appellee; petitioner-appellant contends that email service was proper because respondent-appellee had agreed to email service in the underlying arbitration. The district court rejected the argument, holding that the consent to email service in the arbitration proceedings did not carry over to the judicial proceedings.

AFFIRMED.

---

ALAN H. KAUFMAN, Kaufman PLLC, New York, New York, *for Petitioner-Appellant*.

PATRICK J. LAMPARELLO (Bettina B. Plevan, Andrew M. Sherwood, *on the brief*), Proskauer Rose LLP, New York, New York, *for Respondent-Appellee*.

---

CHIN, *Circuit Judge*:

Petitioner-appellant Damian Dalla-Longa appeals from the district court's order entered August 4, 2020, dismissing his petition to vacate an arbitration award. The Federal Arbitration Act (the "FAA") requires that notice

of a motion to vacate an arbitration award be served within three months of the date the arbitration award is filed or delivered. 9 U.S.C. § 12.[1] Dalla-Longa's counsel sent notice of the petition to vacate the arbitration award to respondent-appellee Magnetar Capital LLC ("Magnetar") late on the last day of the three-month period, but counsel did so by email. The district court granted Magnetar's motion to dismiss, concluding that service was improper and untimely.

On appeal, Dalla-Longa contends that service was proper because Magnetar had agreed to email service in the underlying arbitration and that the consent carried over to the judicial proceedings to vacate the award. For the reasons set forth below, we affirm.

## BACKGROUND

### I. *The Facts*

Dalla-Longa worked for Magnetar as an investment analyst from April 25, 2016, until May 12, 2017, when his employment was terminated. Pursuant to his employment agreement, Dalla-Longa initiated an arbitration through the American Arbitration Association (the "AAA") bringing breach of

---

[1] Dalla-Longa styled his motion to vacate as a "petition to vacate arbitration." *See* Dist. Ct. Dkt. No. 3. For the purposes of this Opinion there is no difference between a motion and petition to vacate, and we use the terms interchangeably.

contract, unjust enrichment, and fraudulent inducement claims against

Magnetar. On June 28, 2018, the arbitration panel held a case management

conference and on July 2 issued a Report of Preliminary Hearing and Scheduling

Order (the "Report"). The Report provided that "[t]he parties hav[e] consented to

the Direct Exchange Method." J. App'x at 175. A letter from the AAA's Manager

of ADR Services also dated July 2 confirmed that "the parties have agreed to

directly exchange and submit to the panel usual or expected correspondence,

including such filings as motions, briefs, scheduling and postponement requests,

and exhibit and witness lists." *Id*. at 333. The letter further stated that "[s]uch

correspondence should be sent via e-mail." *Id*.

On September 9, 2019, following a six-day hearing in New York

City, the arbitration panel issued a final award denying Dalla-Longa's claims

with prejudice.

## II. *Proceedings Below*

On December 9, 2019, Dalla-Longa filed a petition to vacate the

arbitration award in the district court. At 9:06 p.m. that day, Dalla-Longa's

counsel emailed a copy of the petition to Bettina Plevan and Patrick Lamparello

of the law firm Proskauer Rose LLP, Magnetar's arbitration counsel. Dalla-

Longa's counsel had not asked Magnetar or its counsel to consent to email

- 4 -

service, nor had Magnetar or its counsel consented, in writing or otherwise, to service by email. On February 19, 2020, Magnetar moved to dismiss the petition on the ground that it was not properly and timely served. On August 4, the district court granted Magnetar's motion, concluding that Dalla-Longa "failed to serve proper notice of the Petition within three months of the date the arbitration award was delivered. [Magnetar] did not consent in writing to service by email, and therefore [Dalla-Longa]'s service of notice of the Petition was improper under Rule 5." J. App'x at 336 (citing Fed. R. Civ. P. 5). The district court also held that the FAA does not permit excuse of improper service on equitable grounds. J. App'x at 340.

This appeal followed.

## *DISCUSSION*

Two issues are presented: first, whether Dalla-Longa properly served notice of the petition to vacate the arbitration award, and, second, if not, whether this Court should excuse improper service on equitable grounds. We address each issue in turn.

We review a district court's interpretation of a statute *de novo* and its factual findings for clear error. *Hayward v. IBI Armored Servs., Inc.*, 954 F.3d 573,

575 (2d Cir. 2020); *Benjamin v. Fraser*, 264 F.3d 175, 184 (2d Cir. 2001). We review a district court's order denying equitable relief for abuse of discretion. *Sharkey v. Lasmo (AUL Ltd.)*, 214 F.3d 371, 374 (2d Cir. 2000).

**I.** *Service of Notice of a Motion to Vacate*

Under the FAA, "[n]otice of a motion to vacate . . . an [arbitral] award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Section 12 contains "[n]o exception" to the three-month limitations period. *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984). Where "the adverse party is a resident of the district in which the award was made," service is to be made "as prescribed by law for service of notice of motion in an action in the same court." 9 U.S.C. § 12. Here, the "adverse party" -- Magnetar -- was a "resident" of New York for these purposes, and the petition to vacate was filed in the United States District Court for the Southern District of New York. Hence, the applicable law is Federal Rule of Civil Procedure 5, which governs the serving and filing of pleadings and other papers in the Southern District of New York. In particular, subsection (b)(2)(E) provides that

> A paper is served under this rule by . . . sending it to a registered user by filing it with the court's electronic-

> filing system or sending it by other electronic means that the person consented to in writing . . . .

Fed. R. Civ. P. 5(b)(2)(E).  In other words, pursuant to Rule 5, a party may serve papers by email only if the person being served has "consented" to service by email "in writing."  *Id.*

Here, the arbitration award was issued on September 9, 2019.  Dalla-Longa thus had until December 9, 2019, to properly serve notice of any motion or petition to vacate the award.  9 U.S.C. § 12.  His counsel's only effort to serve notice, however, was to send the petition by email to Magnetar's arbitration counsel at 9:06 p.m. on the last day that service could be made.  But Dalla-Longa's counsel had not asked Magnetar's counsel for consent to email service, and Magnetar's counsel had not provided consent to email service in writing, as required by Rule 5, or otherwise.  Hence, as the district court correctly held, Dalla-Longa's counsel's attempt at service was improper, and thus Dalla-Longa did not timely serve notice of his petition to vacate.  *See, e.g., Fam. Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 228 (S.D.N.Y. 2012) (Federal Rule of Civil Procedure 5 requires recipient of email service to have consented in writing); *see also Martin v. Deutsche Bank Sec. Inc.*, 676 F. App'x 27, 29 (2d Cir. 2017) (summary order) (same).

- 7 -

Dalla-Longa argues that Magnetar's agreement to accept papers by email in the arbitration proceedings extends to service of motion papers in the district court to vacate the arbitration award. We are not persuaded.

It appears, from the Report and the letter from the AAA's Manager of ADR Services, that the parties indeed agreed to email service of papers in the arbitration. We note, however, that the letter merely stated that correspondence, including briefs and motions, "*should* be sent via e-mail." J. App'x at 333 (emphasis added). But even assuming the parties did agree to email service in the arbitration, that agreement did not constitute Magnetar's written consent to service of papers by email in a subsequent lawsuit brought in federal court to vacate the arbitration award. Absent that written consent, Dalla-Longa's email did not effect service under Federal Rule of Civil Procedure 5, and he thus failed to serve notice of the petition within the FAA's strict three-month limitations period.

Dalla-Longa relies on AAA Employment Rule 38 to argue that Magnetar's consent to email service for arbitration purposes extends to email service of the petition to vacate. We disagree. Rule 38, which is entitled "Serving of Notice," provides as follows:

- 8 -

(a) Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party, or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

(b) The AAA, the arbitrator, and the parties may also use overnight delivery or electronic facsimile transmission (fax), to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (e-mail), or other methods of communication.

AAA Employment Arbitration Rules and Mediation Procedures 38(a)-(b).

Neither subsection of Rule 38, however, authorizes service by email of motions or petitions to vacate.

First, subsection (a) does not contemplate email service. Even assuming that notices of petitions to vacate are "papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under the [AAA Employment Rules]" or a "court action in connection therewith," subsection (a) provides only that service may be made by mail. Accordingly, subsection (a) does not countenance Dalla-Longa's email service.

- 9 -

Second, subsection (b) does not encompass notices of petitions to vacate. It provides that "notices may be transmitted by electronic mail." The previous sentence of the subsection explains that "notices" are those "required by these rules." Notices of petitions to vacate are not required by the AAA Employment Rules; rather, they are required by the FAA. *See* 9 U.S.C. § 12 ("Notice of a motion to vacate . . . an [arbitral] award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."). Thus, notices of motions (or petitions) to vacate are not "notices required by [AAA] rules," and Rule 38(b)'s authorization of email service does not extend to them.

Our conclusion accords with prior decisions of this Court and one of our sister circuits. We have previously held, albeit in a summary order, that email service of a notice of a petition to vacate was ineffective under 9 U.S.C. § 12 and Federal Rule of Civil Procedure 5 where the party being served did not expressly consent in writing, even though the parties communicated by email in the underlying arbitration. *Martin*, 676 F. App'x at 29. And the Eleventh Circuit ruled that a similarly worded AAA rule's "allowance of email service . . . does not reach FAA § 12 notices of a motion to vacate" because subsection (a) of that rule

does not permit email service and subsection (b), which does, does not apply to notices of petitions to vacate. *O'Neal Constructors, LLC v. DRT Am., LLC*, 991 F.3d 1376, 1380-81 (11th Cir. 2021). Although neither decision is controlling, their reasoning is sound.

Accordingly, we conclude that the district court correctly held that Dalla-Longa failed to properly serve notice of his petition to vacate the arbitration award.

## II. *Excuse of Dalla-Longa's Failure to Serve*

Dalla-Longa argues, in the alternative, that the district court erred in not excusing his "technical defect in service" on equitable grounds. Pet'r-Appellant's Br. at 23. We disagree. Section 12 of the FAA provides no express exception to its strict three-month limitations period, and we have held that "a party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run." *Florasynth*, 750 F.2d at 175. We need not reach the question of whether there may ever be equitable exceptions to the rule of strict compliance with § 12's three-month deadline because Dalla-Longa has not shown any equitable reason for excusing his failure to serve his petition

- 11 -

properly.[2]  Indeed, Dalla-Longa cites no cases excusing a failure to serve a petition to vacate under § 12 where, as here, the serving party attempted email service without the opposing party's written consent.  Accordingly, the district court did not abuse its discretion when it declined to excuse improper service on equitable grounds.

*CONCLUSION*

For the foregoing reasons, the order of the district court is AFFIRMED.

---

[2]  Dalla-Longa relies on *In re Arbitration between InterCarbon Bermuda, Ltd. & Caltex Trading & Transportation Corp.*, 146 F.R.D. 64, 68 (S.D.N.Y. 1993), which stated that "[d]efects in service of process may . . . be excused where considerations of fairness so require, at least in cases that arise pursuant to arbitration proceedings."  But as the district court here acknowledged, J. App'x at 340-41, the *InterCarbon* court dealt with the wholly different issue of service of process on foreign parties.  Because "Section 12 provides no method of service for foreign parties not resident in any district of the United States," the *InterCarbon* court concluded that in such cases, "the proper fallback provision for service of process is Fed. R. Civ. P. 4."  146 F.R.D. at 67.  As the present case does not involve service on a foreign party, we have no occasion to take up the *InterCarbon* holding.