# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 23-63


**EMERGE CONSTRUCTION GROUP, LLC**

**VERSUS**

**RAYBURN BUSHNELL**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2022-2406
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**GUY E. BRADBERRY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Gary J. Ortego, Ledricka J. Thierry, and Guy E. Bradberry, Judges.


**REVERSED; APRIL 19, 2022 ARBITRATION AWARD CONFIRMED.**

**Maurice L. Tynes**
**4839 Ihles Road**
**Lake Charles, LA 70605**
**(337) 479-1173**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Rayburn Bushnell**

**Kari A. Bergeron**
**Leah C. Cook**
**Savannah W. Smith**
**G. Patrick Wiley**
**Taylor, Porter, Brooks & Phillips L.L.P.**
**450 Laurel Street, 8th Floor**
**Baton Rouge, LA 70801**
**(225) 387-3221**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Emerge Construction Group, LLC**

**BRADBERRY, Judge.**

Emerge Construction Group, LLC appeals a trial court judgment granting a motion to vacate or modify an arbitration award filed by Rayburn Bushnell. It alleges that the trial court erred in failing to confirm an arbitration award rendered in its favor. For the following reasons, we agree.

## FACTS

As a result of Hurricane Laura in August 2020, Rayburn Bushnell suffered damage to his home. On September 18, 2020, he entered into a "Mitigation Contract" with Emerge. Subsequently, he entered into a "Repair Contract" with Emerge on December 10, 2020. The parties entered into a third contract, the "R/V Contract," on December 30, 2020, which was a temporary housing rental agreement wherein Emerge provided a recreational vehicle ("RV") as living quarters while repairs on the house were performed.

The contracts contained a provision for arbitration to settle all disputes between the parties. Emerge sought arbitration alleging that Mr. Bushnell owed payment under the contracts for nonpayment of work performed and services provided. The parties went to arbitration in Lake Charles on April 1, 2022, in front of Kelsey Kornick Funes. Neither party objected to Ms. Funes presiding. An arbitration award was entered by the American Arbitration Association on April 19, 2022, in favor of Emerge and against Mr. Bushnell in the amount of $122,490.07 representing: (1) $53,730.11 on the Mitigation Contract; (2) $22,134.96 on the Repair Contract; (3) $9,000.00 on the R/V Contract; (4) $34,000.00 in attorney fees; and (5) $3,625.00 owed for fees and expenses associated with arbitration. The arbitration award was sent by way of email to the parties on April 19, 2022. Emerge sent a demand for payment to Mr. Bushnell on April 25, 2022.

Mr. Bushnell failed to pay any portion of the award which prompted Emerge to file a petition on June 10, 2022, in district court to confirm the arbitration award. Emerge also sought additional attorney fees and costs associated with the enforcement and collection of the arbitration award.  On July 25, 2022, Mr. Bushnell filed a petition to vacate or modify the arbitration award, or in the alternative a request to direct a rehearing by the arbitrator.  Emerge was never served notice of Mr. Bushnell's motion but still filed an opposition to it in the trial court.  A hearing was held on September 7, 2022.  The trial court entered judgment on September 27, 2022, dismissing Emerge's petition to confirm the award and granting Mr. Bushnell's petition vacating the arbitration award.  Emerge then filed the present appeal.

## TIMELINESS

Emerge first argues that Mr. Bushnell's motion to vacate was untimely, citing La.R.S. 9:4213 (emphasis added), which provides:

> Notice of a motion to vacate, modify, or correct an award **shall be served upon the adverse party or his attorney within three months after the award is filed or delivered**, as prescribed by law for service of a motion in an action. For the purposes of the motion any judge, who might issue an order to stay the proceedings in an action brought in the same court may issue an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

Pursuant to this article, Emerge argues that the filing of the motion to vacate or modify the award should have been filed by July 19, 2022, three months after the delivery of the April 19, 2022 arbitration award.  Mr. Bushnell argues that the three-month period should be calculated from April 25, 2022, which was the date of Emerge's demand letter to Mr. Bushnell demanding payment pursuant to the arbitration award.  Mr. Bushnell focuses on the language "service of a motion in an

2

action" for this position and argues that his petition was timely filed on July 25, 2022. Emerge argues that it is Mr. Bushnell's motion that was not timely served as required by La.R.S. 9:4213, as it was never served on Emerge.

Louisiana's arbitration law is almost identical to the federal arbitration law found in 9 U.S.C.A. § 12. Consequently, "this Court may look to federal law in interpreting Louisiana's arbitration laws." *Lou-Con, Inc. v. Trans-Vac Sys.*, 19-576, p. 7 (La.App. 4 Cir. 12/4/19), 364 So.3d 80, 85, *writ denied*, 20-122 (La. 3/9/20), 294 So.3d 482. Citing federal jurisprudence, the fourth circuit in *Lou-Con* recognized that whether a motion to vacate, modify, or correct an arbitration award is timely, is dependent on service of the motion to vacate, modify, or correct the arbitration award within the three-month time period.

In referring to a service of a motion, La.R.S. 9:4213 is indicating service of the motion to vacate, modify, or correct and not a motion filed by the party to confirm the arbitration award. In *O'Neal Contractors, LLC v. DRT America, LLC*, 991 F.3d 1376 (11th Cir. 2021), the court looked to the federal rules of civil procedure to determine whether an email service of the notice to vacate an arbitration award satisfied the three-month time period for providing notice.

In the present case, La.Code Civ.P. art 1313 provides that every pleading subsequent to the original pleading, in this case the motion to confirm the award, can be served by mail, delivery, or electronic means. Specifically, it provides that service can be served by the sheriff; mailing or delivering a copy to counsel of record, or adverse party if no counsel of record; delivering a copy to the clerk of court if there is no counsel of record or the address of the adverse party is unknown; or by electronic means to counsel of record, or the adverse party if there is no counsel of record.

In the present case, Mr. Bushnell filed his motion with the clerk of court on July 25, 2022. Service instructions indicated that the motion be served on Emerge's counsel. However, at the hearing, counsel for Emerge indicated that the motion had never been served, and there is no indication in the record of service of process of the motion. Even if we considered the motion properly served when filed into the record, it would still be untimely as the filing occurred over three months after the delivery of the arbitration award.

The trial court erred in finding that Mr. Bushnell's motion was timely. Therefore, we find that Mr. Bushnell's motion to vacate or modify the award should have been dismissed as untimely. For this reason, we further find that the trial court erred in failing to confirm the arbitration award and hereby confirm the arbitration award.

## ATTORNEY FEES

In its petition to confirm the arbitration award, Emerge requested attorney fees pursuant to the language in the contracts because Mr. Bushnell failed to comply with the arbitration award within thirty days of its issuance. Emerge also requests additional attorney fees for work performed on appeal.

As previously mentioned, Emerge was awarded $34,000.00 in attorney fees pursuant to the arbitration award. This is a significant amount of attorney fees and represents a large portion of the total arbitration award of $122,134.96. We find that no further attorney fees are necessary as these fees are adequate and reasonable for all legal services performed in this matter and decline to award further attorney fees. *Brown v. Kabco Builders, Inc.*, 18-928 (La.App. 3 Cir. 6/5/19), 274 So.3d 216; *Brice Bldg. Co., L.L.C. v. Southland Steel Fabricators, Inc.*, 15-1110 (La.App. 4 Cir. 6/17/16), 194 So.3d 1285.

For the above reasons, we find that the trial court erred in finding that Mr. Bushnell's motion to vacate or modify the arbitration award was timely. We reverse the judgment of the trial court granting Mr. Bushnell's motion to vacate or modify the arbitration award and deny Mr. Bushnell's motion as untimely. We grant Emerge's motion to confirm the arbitration award and reinstate and confirm the April 19, 2022 arbitration award. All costs of this appeal are assessed to Mr. Bushnell.

**REVERSED; APRIL 19, 2022 ARBITRATION AWARD CONFIRMED.**