*Chalpin Realty SC, LLC v. Marcus & Millichap Real Estate Inv. Servs. Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty-six.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

—————————————————————————

CHALPIN REALTY SC, LLC,

> *Petitioner-Appellant*,

> v.                                              No. 25-669

MARCUS AND MILLICHAP REAL ESTATE
INVESTMENT SERVICES INC.,

> *Respondent-Appellee.*

—————————————————————————

| | |
|---|---|
| **For Petitioner-Appellant:** | RYAN O. MILLER (Scott M. Himes, Rachel K. Marcoccia, *on the brief*), Kishner Miller Himes P.C., New York, NY. |
| **For Respondent-Appellee:** | ALLAN A. JOSEPH (Miguel J. Chamorro, *on the brief*), Fuerst Ittleman David & Joseph, Miami, FL. |
| | Evan Newman, Jacobowitz Newman Tversky LLP, Cedarhurst, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Valerie Caproni, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 24, 2025 order of the district court is **AFFIRMED**.

Chalpin Realty SC, LLC ("Chalpin") appeals from an order of the district court dismissing its petition to vacate an arbitration award entered in favor of Marcus and Millichap Real Estate Investment Services Inc. ("M&M"). On appeal, Chalpin challenges the district court's conclusions that *res judicata* bars its petition, that service of its petition was untimely under the Federal Arbitration Act ("FAA"), and that equitable tolling did not excuse the untimeliness of the petition.

We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

On appeal of an order granting a motion to dismiss a petition brought under the FAA, we review the district court's legal conclusions *de novo* and any factual findings for clear error. *See Dalla-Longa v. Magnetar Cap. LLC*, 33 F.4th 693, 695 (2d Cir. 2022). We review a district court's denial of equitable tolling for abuse of discretion. *See id.* at 695, 697–98.

In this case, we conclude that the district court properly rejected Chalpin's petition as time barred. Under the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12; *see Dalla-Longa*, 33 F.4th at 694 n.1 (explaining that there is no difference between a "motion" and a "petition" for purposes of evaluating timeliness under section 12). Here, the arbitrator issued the award on March 4, 2024, requiring Chalpin to serve notice of its petition on M&M by June 4, 2024. Because Chalpin did not effect service until June 10 – six days after the statutory deadline – the district court properly dismissed Chalpin's petition under section 12. *See Dalla-Longa*, 33 F.4th at 695–97; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984).

Chalpin argues that M&M waived its right to assert a timeliness defense under section 12 through a June 24, 2024 stipulation between the parties. But the unambiguous language of the stipulation provided that apart from "defenses based on lack of personal jurisdiction," "[a]ll other defenses are expressly reserved." J. App'x at 419. Although the stipulation also stated that M&M "accepts service of process of the Petition and related papers," *id.*, that language cannot fairly be understood as effecting a waiver of M&M's timeliness defense under section 12.

Chalpin's contention that the district court abused its discretion in refusing to excuse Chalpin's late service of the petition on equitable grounds is likewise unpersuasive. Even assuming that section 12's time limit may be overlooked on equitable grounds, Chalpin "has not shown any equitable reason for excusing [its] failure to serve [its] petition properly." *Dalla-Longa*, 33 F.4th at 697–98; *see also, e.g.*, *NuVasive, Inc. v. Absolute Med., LLC*, 71 F.4th 861, 875–76 (11th Cir. 2023) (applying "the 'extraordinary circumstances' and 'diligence' prongs of the equitable-tolling test" to section 12). As the district court explained, "[n]othing prevented Chalpin from serving M&M before the June 4 deadline, let alone anything that could be called an 'extraordinary circumstance.'" J. App'x at 823

4

(quoting *Clark v. Hanley*, 89 F.4th 78, 92 (2d Cir. 2023)). Moreover, the record provides no support for Chalpin's assertion that it exercised reasonable diligence in attempting to comply with section 12. To the contrary, Chalpin waited until May 28, 2024 to ask M&M's counsel whether he was authorized to accept service on M&M's behalf and did not hire a process server until June 3. In short, Chalpin provides no good reason for waiting until the last minute to attempt service on M&M, and no reason at all why the district court abused its discretion in declining to excuse Chalpin's noncompliance with section 12 on equitable grounds.

\* \* \*

We have considered Chalpin's remaining arguments and find them to be without merit.[1] Accordingly, we **AFFIRM** the district court's order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because we affirm the district court's dismissal of Chalpin's petition under section 12 of the FAA, we do not consider whether the petition was also properly dismissed on *res judicata* grounds.