**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOVE, INC.,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>CITIGROUP GLOBAL<br>MARKETS, INC.,<br>*Defendant-Appellee.* | No. 14-56650<br><br>D.C. No.<br>2:14-cv-04418-JFW-E<br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted October 4, 2016
Pasadena, California

Filed November 4, 2016

Before: Dorothy W. Nelson and Richard A. Paez, Circuit
Judges, and Elaine E. Bucklo,<sup>*</sup> Senior District Judge.

Opinion by Judge D.W. Nelson

---

* The Honorable Elaine E. Bucklo, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

## SUMMARY[**]

### Arbitration

The panel reversed in part the district court's judgment dismissing an action and denying a motion to vacate an arbitration award pursuant to the Federal Arbitration Act.

The plaintiff sought to vacate an arbitration award by a Financial Industry Regulatory Authority (FINRA) panel. The court of appeals panel held that the plaintiff's motion was not untimely because the Federal Arbitration Act is subject to equitable tolling. The panel also held that the plaintiff's right to a fundamentally fair hearing was prejudiced by the fraudulent misrepresentations of the arbitration panel's chairperson, resulting in proceedings led by an arbitrator who should have been disqualified from the dispute under the rules and regulations of FINRA.

The panel reversed the district court's judgment in part and remanded for entry of judgment in favor of the plaintiff.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Susan J. Williams (argued), Hennelly & Grossfeld LLP, Marina del Rey, California, for Plaintiff-Appellant.

Fred Anthony Rowley, Jr. (argued) and Marc T.G. Dworsky, Munger Tolles & Olson LLP, Los Angeles, California; Achyut J. Phadke, Munger Tolles & Olson LLP, San Francisco, California; for Defendant-Appellee.

**OPINION**

D.W. NELSON, Senior Circuit Judge:

Move, Inc. (Move) appeals the district court's order dismissing its action and denying its motion to vacate an arbitration award pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq*. We have jurisdiction pursuant to 9 U.S.C. § 16(a)(3) and 28 U.S.C. § 1291. We hold that Move's motion was not untimely because the FAA is subject to equitable tolling. We also hold that Move's right to a fundamentally fair hearing was prejudiced by the fraudulent misrepresentations of the arbitration panel's chairperson, resulting in proceedings led by an arbitrator who should have been disqualified from the dispute under the rules and regulations of the Financial Industry Regulatory Authority (FINRA). Accordingly, we **REVERSE** the district court's judgment in part and **REMAND** the case for entry of judgment in favor of Move.

## BACKGROUND

Move maintained an investment account with Citigroup Global Markets, Inc. (Citigroup). In connection with its investments, Move entered into a "Client Agreement" with Citigroup stating, in relevant part, that "all claims or controversies . . . shall be determined by arbitration before, and only before, any self-regulatory organization or exchange of which [Citigroup] is a member."

On September 16, 2008, Move commenced arbitration proceedings before a three-member FINRA panel, alleging that Citigroup mismanaged $131 million of Move's funds by investing in speculative auction rate securities. Before initiating the proceedings, FINRA required Move and Citigroup to sign a "Uniform Submission Agreement," which stated that the dispute was submitted to arbitration "in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of [FINRA]." FINRA's *Code of Arbitration Procedure for Customer Disputes*, found in FINRA Rules 12000–12905, includes Rule 12401(c), which required Move's claims to be arbitrated by a panel of three arbitrators.

Pursuant to Rule 12403, FINRA provided the parties with a list of thirty proposed arbitrators and their employment histories, including ten proposed arbitrators from FINRA's chairperson roster. Because the dispute involved a complex securities issue, it was important to Move that the person selected as chairperson be an experienced attorney. Move ranked "James H. Frank" first who, according to the FINRA Arbitrator Disclosure Report (ADR), received a law degree from Southwestern University in 1975 and was licensed to practice law in California, New York, and Florida. Pursuant

to FINRA rules and regulations, arbitrators must affirm that their ADR is accurate and up to date. FINRA also informs arbitrators that a failure to disclose material information in the arbitrator profile may result in permanent disqualification.

Mr. Frank subsequently served as the chairperson of the panel along with Arthur T. Berggren, a licensed attorney, and Daniel R. Brush, a Certified Public Accountant and Certified Financial Planner. On December 8, 2009, after conducting six pre-hearing conferences and twenty hearing sessions, the FINRA panel issued a unanimous award denying Move's claims.

Over four years later, on March 26, 2014, Move learned from an article in *The AmLaw Litigation Daily* that Mr. Frank had lied about being a licensed attorney. It is now undisputed that Mr. Frank, who is "James Hamilton Hardy Frank," was impersonating retired California attorney "James Hamilton Frank." FINRA later confirmed that Mr. Frank lied about his qualifications in his ADR and subsequently removed him from all cases and from its roster.

Move filed a complaint on June 9, 2014, and a motion to vacate the arbitration award on June 17, 2014. Move argued that vacatur was warranted under 9 U.S.C. § 10(a)(3) and (4) of the FAA because of Mr. Frank's misrepresentations. Although 9 U.S.C. § 12 provides that notice of a motion to vacate an arbitration award must be served within three months after the award is delivered, Move argued the deadline should be equitably tolled. Citigroup moved to dismiss, arguing that equitable tolling is unavailable under the FAA and that, even if it were, Move failed to demonstrate tolling was justified. Citigroup further argued that, even if

the limitations period were tolled, vacatur was unjustified on the merits.

The district court denied Move's motion to vacate and granted Citigroup's motion to dismiss. Noting that equitable tolling under the FAA presented an "unsettled question of law" in this circuit, the court ruled that equitable tolling is available, but that Move failed to demonstrate an adequate ground for vacatur under the FAA. Specifically, the court explained that (1) Mr. Frank's misbehavior did not prejudice Move's rights to a fundamentally fair hearing as required by § 10(a)(3); and (2) the panel did not exceed its powers in violation of § 10(a)(4) because Mr. Frank's deceit, if cognizable at all under that section, did not violate Move's contractual rights under its Client Agreement with Citigroup. Move timely appealed.

**STANDARD OF REVIEW**

We review de novo a district court's denial of a motion to vacate an arbitration award. *See, e.g.*, *United States v. Park Place Assocs.*, 563 F.3d 907, 918 (9th Cir. 2009). We also review de novo a district court's dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011).

**ANALYSIS**

The FAA requires that notice of a motion to vacate an arbitration award must be served within three months after the award is filed or delivered. 10 U.S.C. § 12. Because Move's motion to vacate was filed over four years after the three month statutory window closed, we must first determine

whether the doctrine of equitable tolling applies to the FAA, such that the motion is not time-barred. We hold that it does. We also hold that Move's right to a fundamentally fair hearing under § 10(a)(3) was prejudiced by the arbitral misconduct of the panel's chairperson, Mr. Frank. The district court therefore erred in denying Move's motion to vacate the award.

A. *Equitable Tolling*

Although this Court has not yet decided whether equitable tolling applies to the FAA, the district court held that it does. We agree.

The closest we have come to deciding this issue was in *Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334 (9th Cir. 1986). There, we were presented with the narrow question of whether Kaiser could revive an unsuccessful motion to vacate an arbitration award "by way of a Rule 60(b) motion with a claim of newly discovered evidence." *Id.* at 1338. In affirming the denial of Kaiser's motion, we observed that "the three-month notice requirement of section 12 . . . would be meaningless if a party to the arbitration proceeding could bring an *independent* action asserting such claims outside of the statutory time period provided in section 12." *Id.* (emphasis added) (internal citations, brackets, and quotation marks omitted). However, equitable tolling was neither raised nor specifically addressed in that case. Accordingly, *Lafarge* does not govern the outcome of the case now before us.

Furthermore, as the district court noted, the case law from other circuits is conflicting and most circuits—including this circuit—have declined to definitively rule on whether

equitable tolling applies to the FAA.  *See Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 883 n.1 (9th Cir. 1993) ("[Petitioner] asks that we permit his late petition under the doctrine of equitable tolling.  Because we find that the district court correctly dismissed the petition on a jurisdictional basis, we need not reach this issue."); *see also Fradella v. Petricca*, 183 F.3d 17, 21 (1st Cir. 1999); *Taylor v. Nelson*, 788 F.2d 220, 225–26 (4th Cir. 1986); *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 601 (8th Cir. 1981) (declining to decide if equitable tolling applies to the FAA); *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 (10th Cir. 2007) (stating that equitable tolling suspends the running of a statute, unless Congress provides to the contrary, but finding equitable tolling inapplicable under the facts of the case); *but see Cigna Ins. Co. v. Huddleston*, No. 92-1252, 1993 WL 58742, at *11 (5th Cir. Feb. 16, 1993) (per curiam) (unpublished) (holding that equitable tolling does not apply to the FAA).  Deciding this question as a matter of first impression in this circuit, we now hold that the FAA is subject to equitable tolling.

"It is hornbook law that limitations periods are customarily subject to equitable tolling . . . unless tolling would be inconsistent with the text of the relevant statute." *Young v. United States*, 535 U.S. 43, 49 (2002) (internal citations and quotation marks omitted).  Accordingly, "Congress must be presumed to draft limitations periods in light of this background principle," *id.* at 49–50, and the rebuttable presumption that limitations periods are subject to equitable tolling must be overcome by the text or purpose of a statute, *see, e.g.*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990); *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 138 (2008).  We agree with the district court and conclude that neither the text, nor the

structure, nor the purpose of the FAA is inconsistent with equitable tolling.

First, the Supreme Court has instructed lower courts to consider several textual factors to determine whether Congress intended for tolling *not* to apply to a given statute. This includes whether a limitations period is set forth in "unusually emphatic form," is "unusually generous," or uses "highly detailed" and "technical" language, and whether the statute "reiterat[ed] the limitations period several times in several different ways." *Holland v. Florida*, 560 U.S. 631, 646–47 (2010) (internal quotation marks omitted). None of these factors weigh in favor of foreclosing equitable tolling under the FAA.

Here, the FAA's instruction that notice of a motion to vacate "must be served" within three months is neither "unusually generous" nor "unusually emphatic." *See Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1191 (9th Cir. 2001) (recognizing that 8 C.F.R. § 3.2(c)(2) requiring a motion to reopen immigration proceedings "be filed no later than 90 days" after a rendered decision is not unusually generous or emphatic); *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1038 (9th Cir. 2013) (holding that the phrase "forever barred" is not "unusually emphatic"); *cf. United States v. Beggerly*, 524 U.S. 38, 48–49 (1998) (holding that a twelve-year limitations period is unusually generous).[1]  Furthermore, the

---

[1] Citigroup makes an inapposite comparison to *Hall Street Associates v. Mattel, Inc.*, where the Supreme Court explained that § 9 of the FAA—which states that a court "must grant" a motion to confirm an award within one year after the award is made—"carries no hint of flexibility." 552 U.S. 576, 587 (2008). However, the equitable tolling of a limitations period was not at issue in that case. The Court only decided

FAA's limitations period is neither detailed nor technical and is not reiterated elsewhere in the statute. Accordingly, the text of the statute does not preclude equitable tolling.

Second, the FAA's structure is not incompatible with equitable tolling. Citigroup argues that the "interlocking structure" of the FAA precludes tolling, pointing to § 9 of the FAA, which provides one year for a party to file a motion to confirm an award. According to Citigroup, allowing vacatur more than a year after an award is issued would upset the statutory scheme by overturning a court's decision to confirm that award. However, as the district court emphasized, a moving party would still need to meet the heavy burden of establishing its entitlement to equitable tolling for a court to vacate an award, and it would only be the rare case in which the three-month deadline for a motion to vacate would not apply. We therefore find that the structure of the FAA is compatible with equitable tolling.

Finally, equitable tolling would not undermine the basic purpose of the FAA, which was enacted to make "valid and enforceable written provisions or agreements for arbitration of disputes." 68 Cong. Ch. 213, 43 Stat. 883 (1925). While the FAA reflects the "national policy favoring arbitration with just the limited review" necessary to maintain finality in arbitral proceedings, *Hall Street*, 552 U.S. at 581, "[t]he general pro-arbitration policy relies on the assumption that the forum is fair, and therefore cannot justify special deference to arbitration outcomes in the face of a colorable claim that the forum was unfair in a particular case." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Berry*, 92 Fed. Appx.

whether a confirming court has the discretion to set aside an award for grounds outside of those enumerated in § 10 or § 11.

243, 246 (6th Cir. 2004) (unpublished). Thus, although Citigroup argues that equitable tolling would undermine the FAA's goal of finality, § 10's limited grounds for review were still "designed to preserve due process," *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003). Balancing the needs for both finality and due process, the arbitral process will not be disrupted if parties are permitted to satisfy the high bar of equitable tolling in limited circumstances. More importantly, permitting equitable tolling will enhance both the accuracy and fairness of arbitral outcomes.

Accordingly, we hold that the FAA is subject to the established doctrine of equitable tolling. Because neither Move nor Citigroup addressed on appeal the separate question of whether Move satisfied the substantive requirements of equitable tolling, that issue has been waived. *See, e.g.*, *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (issue waived if not addressed in opening briefs). Regardless, we agree with the district court's findings that (1) Move acted with due diligence in pursuing its claim, as it justifiably relied on the information provided by FINRA; and that (2) tolling would not prejudice Citigroup under the circumstances. We therefore conclude that Move is entitled to equitable tolling.

B. *Vacatur Under the FAA*

Because we find that Move's motion is not time-barred, we turn to the merits of Move's vacatur claim. Under § 10(a)(3) of the FAA, courts may vacate an arbitration award upon finding that "the arbitrators were guilty of . . . any . . . misbehavior by which the rights of any party have been prejudiced." The district court held that Move failed to

demonstrate its rights were prejudiced as a result of Mr. Frank's deceit. We disagree.

In determining whether an arbitrator's misbehavior or misconduct prejudiced the rights of the parties, we ask whether the parties received a fundamentally fair hearing. *See, e.g.*, *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1177 (9th Cir. 2010) ("In short, perhaps [U.S. Life] did not enjoy a perfect hearing; but it did receive a fair hearing. It had notice, it had the opportunity to be heard and to present relevant and material evidence, and the decisionmakers were not infected with bias.") (internal quotation marks omitted). For example, vacatur may be proper under § 10(a)(3) where an arbitrator's ex parte receipt of evidence affected the outcome of the proceedings, *Totem Marine Tug & Barge, Inc. v. N. Am. Towing, Inc.*, 607 F.2d 649, 653 (5th Cir. 1979), or where an arbitrator's post-hearing consultation with an outside expert "tainted" the panel's decision, *M & A Elec. Power Co-op. v. Local Union No. 702, Int'l Bhd. of Elec. Workers, AFL-CIO*, 977 F.2d 1235, 1237–38 (8th Cir. 1992). Although neither this Court nor our sister circuits have addressed whether vacatur is proper where an arbitrator's purposeful and material deception resulted in his selection as chairperson of a panel, we agree with Move that such misbehavior constitutes grounds for vacatur under § 10(a)(3). Based on the facts of the case before us, we simply cannot conclude that Move received a fundamentally fair hearing.

Upon submitting its claim to arbitration before a FINRA panel, Move made clear throughout the panel selection process that it was critical for an attorney to chair the proceedings. Specifically, Move believed that arbitration of a complex securities claim required a chairperson with the requisite experience to understand and interpret sophisticated

legal concepts. As a result, Move struck FINRA candidates from the proposed roster who were not experienced attorneys. Move then ranked Mr. Frank first on its chairperson list, relying on the ADR in which Mr. Frank falsified his credentials.

Citigroup argues that there is no evidence that Mr. Frank influenced other members of the panel or that the outcome of the arbitration was affected by his participation. But there is simply no way to determine whether that was the case. *Cf. Stivers v. Pierce*, 71 F.3d 732, 747 (9th Cir. 1995) ("Particularly on a small board, . . . it is difficult if not impossible to measure the impact that one member's views have on the process of collective deliberation. Each member contributes not only his vote but also his voice to the deliberative process.") (citation omitted). In any event, Mr. Frank's participation was itself prejudicial to Move. Under FINRA rules and regulations, such deceit would have permanently disqualified Mr. Frank from serving as a FINRA arbitrator. Indeed, once Mr. Frank's lies were revealed, FINRA immediately removed him from its roster. However, because Mr. Frank's fraudulent conduct was revealed only after the arbitration panel issued its award in favor of Citigroup, the parties received a hearing chaired by an imposter. Because Move and Citigroup agreed to arbitrate their multi-million dollar dispute before a panel of three qualified arbitrators as provided by FINRA's rules and regulations, the parties' rights to such a proceeding were prejudiced by the inclusion of an arbitrator as chairperson who should have been disqualified from arbitrating the dispute in the first place.

Accordingly, under the unique set of facts of this case, we hold that Move was deprived of a fundamentally fair hearing

and therefore was prejudiced by the fraudulent conduct of the panel's chairperson, Mr. Frank.  Because Move is entitled to vacatur under § 10(a)(3), we need not address the second question of whether vacatur is also warranted under § 10(a)(4).

## CONCLUSION

We **REVERSE** the district court's judgment in part and **REMAND** the case for entry of judgment in favor of Move.