NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| A. MINER CONTRACTING, INC., an Arizona corporation,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>DANA KEPNER COMPANY, INC., a Delaware corporation,<br><br>        Defendant-Appellee. | No.    16-15209<br><br>D.C. No. 2:15-cv-01904-NVW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted August 7, 2017[**]
Pasadena, California

Before:  CALLAHAN and OWENS, Circuit Judges, and FABER,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

Appellant A. Miner Contracting, Inc. ("Miner") appeals the district court's order denying Miner's petition to vacate an arbitration award entered against it and in favor of Appellee Dana Kepner Company, Inc. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's denial of a motion to vacate an arbitration award. *See United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 918 (9th Cir. 2009).

The district court did not err in dismissing as untimely Miner's motion to vacate the award. Under the Federal Arbitration Act ("FAA"), "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Miner concedes that its petition to vacate was filed more than three years after the award was final but argues that the district court should have applied the doctrine of equitable tolling to find the petition was timely filed. Although this court recently held as a matter of first impression that equitable tolling principles apply to § 12 of the FAA, *see Move, Inc. v. Citigroup Glob. Markets, Inc.*, 840 F.3d 1152, 1156 (9th Cir. 2016), the facts of this case clearly do not merit equitable tolling.

"We will apply equitable tolling in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information

bearing on the existence of the claim." *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (internal quotation marks and alterations omitted). Tolling is not warranted in this case because Miner did not act with due diligence—in particular, it has not alleged circumstances beyond its control that prevented it from discovering the evidence on which it now relies. Indeed, Miner admits that it uncovered the information that it contends shows bias on the part of the arbitrator by searching the internet. Because the information on which Miner relies was readily available to it during the limitations period, tolling of the limitations period is not justified. "We decline to create a rule that encourages losing parties to challenge arbitration awards on the basis of pre-existing, publicly available background information on the arbitrator[ ] that has nothing to do with the parties to the arbitration." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 646 (9th Cir. 2010).

Even if the petition was not time-barred, Miner has not shown that there was "evident partiality" in the arbitrator. *See* 9 U.S.C. § 10(a)(2) (vacatur required "where there was evident partiality or corruption in the arbitrator[]"). "To show 'evident partiality' in an arbitrator, [Miner] either must establish specific facts indicating actual bias toward or against a party or show that [the arbitrator] failed to disclose to the parties information that creates '[a] reasonable impression of bias.'" *Lagstein*, 607 F.3d at 645-46 (citation omitted). Therefore, "arbitrators

must disclose facts showing they might reasonably be thought biased against one litigant and favorable to another." *In re Sussex*, 781 F.3d 1065, 1074 (9th Cir. 2015) (internal quotation marks and citation omitted). "Under the FAA, vacatur of an arbitration award is not required simply because an arbitrator failed to disclose a matter of some interest to a party." *Lagstein*, 607 F.3d at 646.

"[C]ourts have rejected claims of evident partiality based on long past, attenuated, or insubstantial connections between a party and an arbitrator." *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1110 (9th Cir. 2007). Miner claims the arbitrator here was evidently partial because two of the partners in his law firm represented another attorney, Walsh, in a divorce matter. Walsh, in turn, represented Miner's opponent in litigation unrelated to the arbitration at issue here. This connection is too attenuated and too insubstantial to create the necessary "impression of partiality." *New Regency*, 501 F.3d at 1111.

Accordingly, the district court's decision is affirmed; however, appellee's request for attorneys' fees incurred on appeal, made pursuant to 28 U.S.C. § 1912, is denied without prejudice. "[S]uch fees should be sought by [a] timely motion filed under Ninth Cir. 39-1.6." *First Card v. Hunt (In re Hunt)*, 238 F.3d 1098, 1101 n.2 (9th Cir. 2001).

**AFFIRMED**.