**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCHILLING LIVESTOCK, INC.; KENNETH A. SCHILLING; LESLEY R. SCHILLING, | No.    15-35995 |
| | D.C. No. 6:14-cv-00054-CCL |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| UMPQUA BANK, FKA Sterling Savings Bank, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Argued and Submitted June 9, 2017
Portland, Oregon

Before: GOULD and RAWLINSON, Circuit Judges, and RAYES,** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Douglas L. Rayes, United States District Judge for the
District of Arizona, sitting by designation.

Appellants Kenneth Schilling, Lesley Schilling, and Schilling Livestock, Inc. (collectively, the Schillings) appeal the district court's order confirming an arbitration award in favor of Appellee Umpqua Bank, FKA Sterling Savings Bank (Sterling). The Schillings contend that the award should be vacated because the arbitrators engaged in misconduct by allowing Sterling to rely on an undisclosed defense premised on the Gramm-Leach-Bliley Act (GLBA). According to the Schillings, Sterling's expert falsely testified that Sterling was not liable for fraudulent investment advice due to a networking exception to the GLBA.

The Schillings fail to meet the high standard for vacatur of an arbitration award. *See Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) ("Arbitrators exceed their powers not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law.") (citation, alterations, and internal quotation marks omitted). The Schillings' assertion that they were deprived of adequate notice of Sterling's reliance on the GLBA defense is belied by the record. As the district court correctly observed, the Schillings opened the door to Sterling's introduction of a rebuttal witness concerning the bank's statutory duties. Moreover, the Schillings were afforded an opportunity to submit supplemental briefing on the GLBA defense, but declined to do so. Thus, the

2

arbitrators did not engage in misconduct in permitting rebuttal testimony regarding the statutory defense, and their decision did not otherwise deprive the Schillings of a fair hearing. *See U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1177 (9th Cir. 2010) ("In short, perhaps [Appellant] did not enjoy a perfect hearing; but it did receive a fair hearing. It had notice, it had the opportunity to be heard and to present relevant and material evidence, and the decisionmakers were not infected with bias. . . .") (citation omitted).[1]

The record does not reflect that Sterling's expert falsely or fraudulently testified concerning the GLBA defense. As the district court observed, the expert responded to an ambiguous question and did not otherwise provide false testimony. Notably, the arbitration award makes no mention of the expert's testimony in finding that Sterling was not liable. As a result, the Schillings fail to demonstrate by clear and convincing evidence that any fraud or false testimony warranted vacatur of the arbitration award. *See AG Edwards & Sons Inc. v. McCollough*, 967 F.2d 1401, 1404 (9th Cir. 1992) (explaining that challenges to an arbitration award

---

[1] The Schillings' reliance on *Move, Inc. v. Citigroup Global Mkts.*, 840 F.3d 1152 (9th Cir. 2016), is misplaced, as that case is entirely distinguishable. In *Move*, the "arbitrator's purposeful and material deception" that he was a licensed attorney and his impersonation of a retired attorney warranted vacatur of the arbitration award. *Id.* at 1155, 1158. In contrast, this appeal involves the arbitrators' procedural decision permitting evidence concerning a potentially relevant statutory defense. *See U.S. Life Ins. Co.*, 591 F.3d at 1177.

based on fraud must be "established by clear and convincing evidence") (citation omitted).

**AFFIRMED.**