**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TICKETOPS CORPORATION, | No. 21-35853 |
| Petitioner-Appellant, | |
| v. | D.C. No. 2:21-cv-00931-TSZ |
| COSTCO WHOLESALE CORPORATION, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted July 7, 2022[**]
Portland, Oregon

Before:  R. NELSON and LEE, Circuit Judges, and RAKOFF,[***] District Judge.

TicketOps appeals from the district court's confirmation of an arbitration

award entered against it and in favor of Costco.  We have jurisdiction under 28

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

U.S.C. § 1291 and 9 U.S.C. § 16(a) and we affirm.

Through arbitration, Costco sought awards for (1) funds Costco paid to TicketOps that TicketOps did not send to suppliers and (2) refunds Costco issued to its members for which TicketOps has not reimbursed. The arbitrator ruled for Costco. The district court confirmed the award. We review confirmation of an arbitration award de novo. *Move, Inc. v. Citigroup Glob. Mkts, Inc.*, 840 F.3d 1152, 1155 (9th Cir. 2016).[1]

Under the Federal Arbitration Act ("FAA"), an arbitration award may be vacated if the arbitrator "exceeded [his] powers" by manifestly disregarding the law or rendering an award that is completely irrational. 9 U.S.C. § 10(a)(4); *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640–41 (9th Cir. 2010). Under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997 ("New York Convention"), an award may be vacated if "recognition or enforcement of the award would be contrary to the public policy" of the forum country. Art. V § (2)(b). It applies only when confirmation or enforcement of a foreign arbitration award "would violate the forum

---

[1] This is an international arbitration award case governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards because TicketOps is a Canadian corporation and Costco is a Washington State corporation. We need not decide whether Federal Arbitration Act grounds for vacatur are available to a party challenging an international arbitration award since the FAA does not support vacatur in this case.

2

state's most basic notions of morality and justice." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1097 (9th Cir. 2011) (cleaned up).

1. The district court correctly concluded that the arbitrator did not exceed his powers in making the award to Costco. First, the arbitrator did not exceed his authority. The arbitrator's conclusion that TicketOps was Costco's agent for purposes of paying suppliers was based on a plausible interpretation of the contract. *See U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1177 (9th Cir. 2010). The contract expressly created an agency relationship between TicketOps and Costco for the purpose of acquiring products and providing them to Costco, and it is plausible that "in ordinary usage providing products would include paying for them." R. vol. 1 at 31, 34.

Second, the arbitrator did not err in awarding Costco the value of product returns Costco issued to its members. The parties' contract required TicketOps, if directed by Costco, to seek reimbursement on Costco's behalf from suppliers for certain authorized refunds that Costco issued, including those issued when a *force majeure* event—such as a global pandemic—caused a ticketed event to be canceled. The contract also allowed Costco to create a reserve of money to issue returns to its customers; if the amount of money TicketOps owed Costco exceeded that reserve, then the contract obligated TicketOps to pay Costco that balance within 30 days.

The arbitrator relied on these provisions in awarding Costco the value of the product returns it issued its members in the early days of the pandemic. The arbitrator "ha[d] no obligation . . . to give [his] reasons," and these provisions plausibly support such an award. *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1206 (9th Cir. 1989) (citation omitted); *see* Am. Arbitration Ass'n, *Commercial Arbitration Rules and Mediation Procedures*, R-46(b) (2013).

Third, although TicketOps argues that this award manifestly disregarded the law, it never argues that the arbitrator "understood and correctly stated the law, but proceeded to disregard the same." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (cleaned up).

Finally, the award is not completely irrational. TicketOps' nonpayment to suppliers exposes Costco to potential liability to suppliers directly under principles of agency law. "[W]hen an agent enters into a contract on behalf of a disclosed principal, the principal and the third party are parties to the contract." Restatement (Third) Of Agency § 6.01(a) (Am. L. Inst. 2006). The suppliers were aware that the products were intended for Costco's members. The award therefore is not completely irrational.

2.      The district court also correctly held that the award did not violate any public policy against duplicative liability. TicketOps claims the award should be vacated on public policy grounds because it exposes TicketOps to the risk of

duplicative liability—either to the suppliers to whom TicketOps remains liable or to Costco's Canadian affiliate, to whom some suppliers have assigned their claims against TicketOps.[2] It points to federal and state interpleader procedures that allow a party subjected to claims that would expose it to double or multiple liability to join all the claimants in a single proceeding, and therefore avoid the risk of duplicative liability, as evincing a public policy against potential duplicative liability. But TicketOps fails to explain how laws that promote efficient litigation and reduce parties' risk of duplicative liability set forth "the forum state's most basic notions of morality and justice." *Cubic Def. Sys., Inc.*, 665 F.3d at 1097 (citations omitted). Further, TicketOps has many legal options, including in agency law or by invoking collateral estoppel, to fight potential duplicative liability. Consequently, TicketOps fails to establish that the award should be vacated on public policy grounds.

**AFFIRMED.**

---

[2] TicketOps moved on May 23, 2022, to supplement the record on appeal to show Costco's Canadian affiliate sued TicketOps in Canada on assigned claims that Costco acquired from TicketOps' U.S. suppliers, and to reflect the longstanding Facebook connection between the arbitrator and Costco's counsel. Dkt. No. 32. The motion as to the lawsuit is **GRANTED** and the motion as to the Facebook connection is **DENIED**. Costco's request to submit responsive documents is **DENIED**. *See* Dkt. No. 33.