**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



ASTRONICS ELECTRONIC SYSTEMS CORP.,

          Petitioner-Appellee,

v.

MAGICALL, INC.,

          Respondent-Appellant.

No.   22-35645

D.C. No. 2:22-cv-00729-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted May 11, 2023[**]
Seattle, Washington

Before:  TALLMAN, CLIFTON, and IKUTA, Circuit Judges.

     MAGicALL, Inc. (MAGicALL) appeals from the district court's order

denying its motion to vacate an arbitration award and granting Astronics Advanced

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Electronic Systems Corp.'s (AES) motion to confirm the award.[1]  We have

jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(D), and review a

district court's decision to confirm an arbitration award de novo, though our

"review of the award itself is both limited and highly deferential."  *PowerAgent*

*Inc. v. Elec. Data. Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004) (internal

citation and quotation marks omitted).  We affirm.

The arbitrator was not "guilty of misconduct" sufficient to warrant vacatur.

*See* 9 U.S.C. § 10(a)(3).  Neither the arbitrator's denial of MAGicALL's untimely

request to reopen the hearing to allow discovery of certain documents nor the

arbitrator's denial of MAGicALL's request to submit a reply affidavit (when both

parties had been warned that no further briefing would be allowed) violated

MAGicALL's's "right to a fundamentally fair hearing."  *Move, Inc. v. Citigroup*

*Glob. Markets, Inc.*, 840 F.3d 1152, 1154 (9th Cir. 2016).  "[A]rbitration is not

governed by the federal courts' strict procedural and evidentiary requirements,"

and we are "mindful not to impose" those requirements on arbitration proceedings.

*U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

MAGicALL has failed to show that either of the arbitrator's rulings merits

---

[1] The caption incorrectly refers to AES as Astronics Electronic Systems
Corporation.

"depart[ure] from our usual deference to the procedural rulings of arbitrators." *Tristar Pictures, Inc. v. Dir.'s Guild of Am., Inc.*, 160 F.3d 537, 541 n.9 (9th Cir. 1998).

The arbitrator also did not exceed her powers by ordering MAGicALL to relinquish certain documents or including a "last buy" mechanism as part of AES's award. *See* 9 U.S.C. § 10(a)(4). We "have no authority to vacate an award solely because of an alleged error in contract interpretation," *Emps. Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1486 (9th Cir. 1991), and must affirm the arbitrator's decision "[a]s long as the arbitrator is even arguably construing or applying the contract," *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987). The arbitrator here construed and applied the Master Purchase Agreement (MPA) in fashioning the remedies that MAGicALL challenges on appeal; thus, "the award must be enforced." *George Day Constr. Co. v. United Bhd. of Carpenters*, 722 F.2d 1471, 1477 (9th Cir. 1984). MAGicALL's arguments that the MPA did not require MAGicALL to produce any documents until AES had formally terminated the MPA and that the arbitrator improperly awarded AES a "double recovery" are waived because MAGicALL failed to raise them during arbitration proceedings. *See Marino v. Writers Guild of Am., E., Inc.*, 992 F.2d 1480, 1484 (9th Cir. 1993).

3

We deny AES's request in its answering brief for attorneys' fees and costs under Rule 38 of the Federal Rules of Appellate Procedure because a Rule 38 request "made in an appellate brief does not satisfy Rule 38 and must be denied," *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 828 (9th Cir. 2009) (citation omitted), and MAGicAll's arguments, while unavailing, are not so "wholly without merit" as to be considered frivolous, *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 511 (9th Cir. 2011) (citation omitted).

**AFFIRMED**.