**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRENT LINDSEY,

        *Plaintiff-Appellee,*

  v.

TRAVELERS COMMERCIAL
INSURANCE COMPANY, ET AL.

        *Defendants-Appellants*.

No. 22-16795

D.C. No. 2:19-cv-01855-KJM-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted December 5, 2023
San Francisco, California

Before: S.R. THOMAS and BRESS, Circuit Judges, and EZRA,[**] District Judge.
Dissent by Judge BRESS.

    Travelers Commercial Insurance Company appeals the district court's

decision to vacate an arbitration award pursuant to Section 10(a)(3) of the Federal

Arbitration Act ("FAA"). We review vacatur of arbitration awards like "any other

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

district court decision . . . accepting findings of fact that are not 'clearly erroneous' but deciding questions of law *de novo*." *First Options, Inc. v. Kaplan*, 514 U.S. 938, 948 (1995); *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) (reviewing vacatur of arbitration award). We have jurisdiction under 28 U.S.C. § 1291. We **AFFIRM**.

Because arbitration is an encouraged method of dispute resolution, a federal court's "[r]eview of an arbitration award is both limited and highly deferential." *Aspic Eng'g & Constr. Co.*, 913 F.3d at 1166 (internal quotations and citation omitted). This deference is not without limits. Where the arbitrator refuses to hear evidence pertinent and material to the controversy, that is misconduct. 9 U.SC. § 10(a)(3). A party seeking the vacatur of an arbitration award must also establish that the misconduct was prejudicial. *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1176 (9th Cir. 2010).

The district court properly vacated the arbitration award because it was fundamentally unfair for the arbitrator to deny Brent Lindsey the very evidence that the arbitrator later faulted Lindsey for not producing. The evidence at issue—data on the salaries of other employees with Lindsey's position—was pertinent and material. It is well established that reliable statistical data is relevant to disparate treatment claims. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804–05 (1973); *Gay v. Waiters' & Dairy Lunchmen's Union*, 694 F.2d 531, 550 (9th Cir.

2

1982). The procedural error made by the arbitrator in denying the discovery request was prejudicial because without the pay data, Lindsey lacked the statistical support to prove his disparate treatment claim. The arbitrator then concluded on summary judgement that Lindsey failed to present evidence that race was ever a factor in his compensation. In faulting Lindsey for not offering the exact evidence he kept Lindsey from producing, the arbitrator provided a fundamentally unfair proceeding.

Therefore, we conclude that the district court properly vacated the arbitrator's award.

**AFFIRMED.**

*Lindsey v. Travelers Commercial Insurance Co., et al.*, 22-16795

BRESS, J., dissenting,

The arbitrator may have erred in denying Lindsey access to Travelers pay data, but I am not sure this error deprived Lindsey of a "fundamentally fair hearing," *Move, Inc. v. Citigroup Global Markets, Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016), which is the high showing required to vacate the arbitration decision. Even though Lindsey did not receive the pay data, he was seemingly afforded other opportunities to develop his disparate treatment theory, including the ability to ask Travelers' corporate representative witness about topics related to his pay relative to that of his coworkers. Because the record is incomplete on the discovery Lindsey did take or was able to take in the arbitration proceedings, I would have instead remanded this matter to the district court for it to consider whether Lindsey had other opportunities to build his theory in discovery. If that were the case, as seems likely, I do not think the denial of access to the pay data would warrant vacating the arbitration decision, given the highly deferential standard of review.

1