NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GILBERT RILEY,

        Plaintiff-Appellant,

v.

QUANTUMSCAPE CORPORATION,

        Defendant-Appellee.

No.   23-15277

D.C. No. 5:22-cv-03871-BLF

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted February 9, 2024
San Francisco, California

Before: R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

The parties cross-moved in the district court to vacate or confirm an

arbitration award. The district court confirmed the award. We review the district

court's legal determinations de novo, *Johnson v. Gruma Corp.*, 614 F.3d 1062,

1065 (9th Cir. 2010), and any factual findings only for clear error, *Woods v. Saturn

Distrib. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996). We have jurisdiction under 9

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 16 and 28 U.S.C. § 1291, and we affirm.

1. Appellant Gilbert Riley (Riley) is a former executive of Appellee QuantumScape (QuantumScape). Riley was terminated in 2016. At that time, he entered into two agreements with QuantumScape, both of which required him to arbitrate any related disputes with QuantumScape with JAMS in California. In 2021, Riley filed an arbitration demand with JAMS. Riley asserted three claims: (1) breach of the Consulting Agreement; (2) breach of the covenant of good faith and fair dealing in the Separation Agreement; and (3) fraud in the inducement.

2. The arbitration started in June 2021. The parties participated in various status conferences and hearings. During this time, three Wilson Sonsini attorneys appeared at different times on behalf of QuantumScape. Only one of these attorneys was admitted to the California State Bar. The other two were admitted out of state and were supervised by the California attorney. California Civil Code of Procedure (CCP) § 1282.4 requires out-of-state attorneys to formally apply to participate in a California arbitration. Applicants must complete and sign a Certificate of Out-of-State Attorney Arbitration Counsel (the Certificate). The Certificate provides that it "must be served on all parties and counsel in the arbitration." It also adds that "[i]f the Arbitral forum or arbitrator(s) approve(s) the appearance of the applicant, the applicant must serve a copy of this Certificate bearing such written approval on all other parties and counsel in the arbitration."

One of the out-of-state attorneys appeared at an arbitration hearing before this process had been fully complied with. The Certificate was signed by the arbitrator but not served on opposing counsel. After the arbitrator learned of this, the arbitrator uploaded the Certificate to the case docket.

After the arbitrator's initial award, QuantumScape moved for fees and costs, including for the out-of-state attorney. Riley objected. The arbitrator awarded fees for QuantumScape's attorneys' time, including at least part of the time for each non-California attorney. He reduced the fee award, however, to reflect any failure to comply fully with CCP § 1282.4.

3. Riley petitioned to vacate the award in federal court. *Riley v. QuantumScape Corp.*, No. 22-cv-03871, 2023 WL 1475092, at *1 (N.D. Cal. Feb. 2, 2023). QuantumScape opposed and filed a cross-motion to confirm the award. *Id.* The district court granted QuantumScape's motion to confirm the award and denied Riley's petition to vacate. *Id.* Applying § 10 of the Federal Arbitration Act, the district court made several factual findings and determined, based on them, that there was no statutory basis to vacate the award. *Id.* at 7.

4. Riley advances three arguments why the award should be vacated. He argues that the arbitrator acted with "evident partiality," 9 U.S.C. § 10(a)(2), "prejudiced" his rights, § 10(a)(3), and "exceed[ed] their powers," § 10(a)(4). Each of these fails. And because Riley bears the "burden of establishing grounds

for vacating an arbitration award," *U.S. Life Ins. Co. v. Sup. Nat'l Ins. Co.,* 591 F.3d 1167, 1173 (9th Cir. 2010), and has not done so, we affirm.[1]

First, we defer to the district court's factual finding that there was no bias because it is not clearly erroneous. *See Riley*, 2023 WL 1475092, at *11; *see also Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 655 (9th Cir. 2009). The district court found that "while the process by which [one of QuantumScape's lawyers] submitted his OSAAC application and the Arbitrator approved it were sloppy, the Arbitrator's actions do not create a reasonable impression that he was biased in favor of QuantumScape." *Riley*, 2023 WL 1475092, at *9. We do not have a "definite and firm conviction" that the district court made a mistake. *Balen*, 583 F.3d at 655.

Along the same lines, Riley was not deprived of a "fair hearing," so he was not prejudiced. *See Move, Inc. v. Citigroup Glob. Mkts., Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016) (defining prejudice under the Federal Arbitration Act as "whether the parties received a fundamentally fair hearing."). A fair hearing requires that a party have "notice, [] the opportunity to be heard and to present relevant and material evidence, and [that] the decisionmakers were not infected with bias." *U.S.*

---

[1] The parties dispute whether the district court should have applied the requirements for vacatur under the California Arbitration Act instead of the Federal Arbitration Act, but they do not contend that the distinction would have been material in this case. We do not address this issue because we conclude that Riley cannot show that the award should be vacated under either standard.

*Life Ins.,* 591 F.3d at 1177. Once again, the district court did not err in finding the arbitrator was not biased. *See, e.g.*, *Balen*, 583 F.3d at 655. Riley does not otherwise identify any procedural rights that he was denied.

Finally, Riley has not shown that the arbitrator "exceeded their powers." Riley argues that the arbitrator exceeded his powers by manifestly disregarding the law. *See, e.g.*, *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1240 (9th Cir. 2022). "[T]o rise to the level of manifest disregard, the governing law alleged to have been ignored by the arbitrators must be *well defined, explicit, and clearly applicable.*" *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879–80 (9th Cir. 2007) (cleaned-up). Riley does not identify any governing law that is "well-defined, explicit, and clearly applicable" that the arbitrator recognized and then ignored.

**AFFIRMED.**

23-15277