**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALAH UDDIN,

                    Plaintiff-Appellant,

    v.

TD AMERITRADE, INC.,

                    Defendant-Appellee.

No. 24-5073

D.C. No. 4:24-cv-00396-HSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted March 31, 2026[**]
San Francisco, California

Before: TALLMAN, NGUYEN, and COLLINS, Circuit Judges.

Salah Uddin appeals the district court's order denying his motion to vacate a

Financial Industry Regulatory Authority arbitration award ("Award") and granting

TD Ameritrade, Inc.'s motion to confirm the Award. The district court had

jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C.

§ 1291. Reviewing legal questions de novo, *see Aspic Eng'g & Constr. Co. v.*

*ECC Centcom Constructors LLC*, 913 F.3d 1162, 1165–66 (9th Cir. 2019), we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

affirm.

When presented with a motion to confirm an arbitration award, a court "must grant [the motion] unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). Under the Federal Arbitration Act, a court may vacate an arbitration award (1) "where the award was procured by corruption, fraud, or undue means"; (2) "where there was evident partiality or corruption in the arbitrators"; (3) where a party was "prejudiced" by the arbitrators' "misconduct" or "misbehavior"; or (4) "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a).

Uddin has not shown that there was any "misbehavior by which the rights of any party have been prejudiced." *See* 9 U.S.C. § 10(a)(3). Even assuming *arguendo* that the arbitrators' inadvertent failure to record the proceedings, as required by the arbitration agreement, amounts to "misbehavior," Uddin failed to show that his rights have been prejudiced by the absence of a recording or transcript of the proceedings. Because the "arbitrators' award may be made without explanation of their reasons and without a complete record of their proceedings," *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (simplified), the mere absence of a record, by itself, is insufficient to show that Uddin failed to

2

"receive[] a fundamentally fair hearing." *Move, Inc. v. Citigroup Glob. Mkts., Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016). Uddin contends that the arbitrators were "repeatedly interrupting, rushing, and pressuring [his] presentation of evidence and arguments" and that one arbitrator told him, as a pro se, to "leave the law to [them]." These contentions are insufficient to show that the arbitrators exceeded the bounds of efficient management of the hearing and instead behaved in a fundamentally unfair manner that prejudiced Uddin's ability to present his case. Indeed, Uddin has not identified any particular argument or evidence that he was unable to raise as a result of the arbitrators' conduct. *See United States Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1177 (9th Cir. 2010) (holding that a "fair hearing" occurs where a party "had the opportunity to be heard and to present relevant and material evidence" (simplified)). Nor has he provided any factual basis to conclude that a transcript would have revealed grounds to set aside the award under any of the grounds set forth in § 10. Because Uddin has failed to establish prejudice, his argument that the award should have been vacated under § 10(a)(3) fails.

Uddin has not shown that "the arbitrators exceeded their powers." *See* 9 U.S.C. § 10(a)(4). "Arbitrators exceed their powers . . . when the award is completely irrational, or exhibits a manifest disregard of law." *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 731 (9th Cir. 2006) (simplified). "For an

3

arbitrator's award to be in manifest disregard of the law, it must be clear from the record that the arbitrator recognized the applicable law and then ignored it." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009) (simplified). Uddin again argues that the absence of a record warrants vacatur. But because the arbitrators are not required to provide an "explanation of their reasons" or "a complete record of their proceedings," *Bosack*, 586 F.3d at 1104 (simplified), the absence of a recording or transcript is not alone sufficient to establish that the arbitrators ignored applicable law. The district court acknowledged that Uddin had reprised many of his substantive arguments before the arbitrators in an effort to establish that the award was irrational or demonstrated manifest disregard, but the district court concluded that Uddin had nonetheless failed to make the requisite showing to satisfy § 10(a)(4). Uddin's brief in this court is largely conclusory on this point and provides no persuasive basis to reach a different conclusion.

Uddin likewise fails to demonstrate that the Award should be set aside on the asserted ground that it violates public policy. Vacatur on these grounds requires a "well defined and dominant" public policy that "specifically militates against the relief ordered by the arbitrator." *Stead Motors of Walnut Creek v. Automobile Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers*, 886 F.2d 1200, 1212–13 (9th Cir. 1989) (simplified). Uddin argues that

4

public policy demands broker-dealer accountability and investor protection. But this claim ultimately rests on the asserted correctness of his underlying merits arguments. Uddin has failed to establish that a "well defined and dominant" public policy "specifically militates against" the Award. *Id*.[1]

Because Uddin has failed to show any reason for vacatur under 9 U.S.C. § 10(a), the district court properly confirmed the Award, *see id*. § 9.[2]

**AFFIRMED.**

---

[1] Uddin's opening brief does not distinctly assert that the Award should have been vacated under § 10(a)(1) or § 10(a)(2). Regardless, neither provision supports vacating the Award. Uddin has not identified any "immoral" or "illegal" conduct that "caused the award to be given." *See A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992). Nor has Uddin demonstrated any nondisclosure by the arbitrators giving an "impression of bias" or "specific facts which indicate improper motives." *See Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996) (simplified).

[2] Because these grounds are sufficient to affirm the judgment, we do not address the parties' arguments concerning the timeliness of Uddin's motion to vacate.