**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NAYMON FRANK, an individual,

Plaintiff - Appellant,

v.

TESLA, INC., a corporation; SUZIE
HATZIS, an individual,

Defendants - Appellees.

No. 25-4168

D.C. No.
2:22-cv-01590-MEMF-AGR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Argued and Submitted April 21, 2026
Pasadena, California

Before: NGUYEN and BRESS, Circuit Judges, and TUNHEIM, District Judge.**

Naymon Frank ("Frank") appeals the district court's grant of Tesla, Inc.'s

("Tesla") motion to compel arbitration, and the district court's denial of Frank's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

motion to vacate the subsequent arbitration award.  We have jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(3).  We review decisions to compel arbitration de novo.  *Sanford v. Memberworks, Inc.*, 483 F.3d 956, 960 (9th Cir. 2007).  We review a district court's legal conclusions in confirming an arbitration award de novo, albeit "cognizant that arbitration is an encouraged method of dispute resolution and that our review of the [arbitrator's] decision is greatly limited." *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1172 (9th Cir. 2010). For the following reasons, we affirm both decisions of the district court.

When Tesla hired Frank in 2016, he signed an employment contract containing an agreement to arbitrate (the "Agreement").  Frank resigned from Tesla in 2020.  In January 2022, Frank brought fourteen claims against Tesla and his former supervisor, Suzie Hatzis, in state court.  Among Frank's claims were discrimination, harassment, fraud, intentional infliction of emotional distress, constructive discharge, and violations of California labor laws.  The district court compelled arbitration over Frank's objection and, following arbitration, denied Frank's motion to vacate the arbitrator's final award.  Frank appeals both district court decisions.

We turn first to the grant of Tesla's motion to compel arbitration. Agreements to arbitrate are unenforceable where "such grounds . . . exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Frank argues that

under California law, which binds us here, the Agreement was unconscionable, and that the district court thus erred in compelling arbitration under the Agreement.

We conclude that the district court properly compelled arbitration. In California, a contract is unconscionable only if both procedural and substantive unconscionability are present. *Sanchez v. Valencia Holding Co., LLC*, 353 P.3d 741, 748 (Cal. 2015). California courts assess unconscionability on a "sliding scale," under which a greater degree of procedural unconscionability is tolerated in proportion with a lesser degree of substantive unfairness. *See Baltazar v. Forever 21, Inc.*, 367 P.3d 6, 11 (Cal. 2016).

The unequal bargaining power between Tesla and Frank gives rise to a certain degree of procedural unconscionability. But we are not persuaded that the Agreement was substantively unconscionable. First, Frank takes issue with a carve-out in the Agreement allowing the parties to adjudicate certain types of disputes in court, which he contends unfairly favors Tesla. However, the district court declined to enforce that provision (which did not cover the instant dispute), concluding it was substantively unconscionable. Frank nevertheless maintains that the Agreement was unconscionable as enforced because it imposed impermissible limitations on discovery. But the Agreement specifically empowered the arbitrator to "compel adequate discovery for the resolution of the dispute," and therefore did not impose any such limits. Nor does Frank dispute that the arbitrator's discovery

plan permitted him to obtain any discovery for which he could demonstrate good cause. Finally, while Frank argues that Tesla's failure to attach the JAMS arbitration rules to the employment contract renders the Agreement unconscionable, Frank conceded below that he did "not argue that any of the JAMS rules are unconscionable," which forecloses his theory. *See Baltazar*, 367 P.3d at 12–13. For these reasons, the district court properly held that the Agreement, save the sole one-sided clause, was enforceable.

Nor did the district court err in denying Frank's motion to vacate the arbitrator's final award under 9 U.S.C. § 10(a)(3)–(4). First, Frank argues that the arbitrator was "guilty of misconduct" in limiting discovery. *See* 9 U.S.C. § 10(a)(3). However, the arbitrator's discovery rulings did not deprive him of a "fundamentally fair hearing." *Move, Inc. v. Citigroup Glob. Mkts., Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016). Frank had various discovery procedures available to him, some of which he did not use, including a person most knowledgeable deposition. Nor has Frank shown prejudice from not being able to depose Troy Jones, who provided a declaration and testified at the arbitration hearing, or Elon Musk. Second, vacating an award based on an arbitrator exceeding her powers under 9 U.S.C. § 10(a)(4) is evaluated under "a high standard"—one must show that the arbitrator committed more than "even a serious error." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (citation

4                                              25-4168

omitted). An arbitrator exceeds her power where the award is "completely irrational" or exhibits a "manifest disregard of law." *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (citation omitted). Frank's arguments in support of vacatur, which rest primarily on disagreement with the merits of the arbitrator's rulings on summary judgment and on the scope of discovery, do not approach this high bar, and we conclude that Frank has not shown that the arbitrator exceeded her powers.

The district court, having no basis to disturb the final award, properly denied Frank's motion.

**AFFIRMED.**